UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| YVONNE MOCKOBEE-BASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:04-cv-201-RLY-WGH |
| | ) | |
| RABEN TIRE CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON MOTION TO SET ASIDE DEFAULT**

**I.   Introduction**

This matter is before the court on defendant's Motion to Vacate and Set Aside Default Judgment filed April 6, 2005.

**II.   Background and Procedural History**

Plaintiff filed her complaint on November 29, 2004. The complaint alleged a violation of Title VII, 42 U.S.C. § 1983; 42 U.S.C. § 2000e et seq.; and 29 U.S.C. § 201 et seq., and sought damages for her termination from employment. Service of process upon the defendant was accomplished on December 9, 2004 (See Return of Service, docket no. 7). As of January 28, 2005, defendant had failed to file an Answer. Subsequently, plaintiff moved for Entry of Default. The Clerk issued an Entry of Default as to defendant on January 31, 2005. Plaintiff filed a Motion for Default Judgment on

February 8, 2005, and the court granted that motion on February 28, 2005.  On March 11, 2005, defendant filed a Notice of Appearance, and on April 6, 2005, filed a Motion to Set Aside Default Judgment.

### III.   Legal Standards

Rule 12(a) of the Federal Rules of Civil Procedure requires a defendant to file an answer within 20 days of service of the summons and complaint.  To fail to do so may cause the defendant to be in default under Rule 55(a).  It is important to note, however, that a default differs from a default judgment.  Once a default has been entered, Rule 55(b)(2) allows the plaintiff to move for a default judgment.  *See United States v. Di Mucci*, 879 F.2d 1488, 1490 n.3 (7th Cir. 1989).  There are times when a clerk may enter a default judgment, but this should occur when the amount due is under affidavit and at the request of the plaintiff; otherwise, the court may conduct a hearing to determine the amount of damages, if necessary.  FED. R. CIV. P. 55(b)(2).

The rule for setting aside a default is governed by the Federal Rules of Civil Procedure under 55(c).  This rule states that an entry of default may be set aside when good cause is shown and "if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." FED. R. CIV. P. 55(c).  To obtain a vacation of an entry of default, the defendant must show "(1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." *See, e.g., O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993) (quoting *Di Mucci*). These are the same requirements for overturning a default judgment under Rule 60(b);

however, they are less strictly applied in setting a default aside under Rule 55(c).  *See, e.g., id.* at 1401; *Di Mucci*, 879 F.2d at 1495.

## IV.   Analysis

While the parties treated this matter as a motion to set aside a *default judgment*, the court concludes that this should be properly treated as a motion to set aside a *default* instead.  The February 28, 2005 issuance of a default judgment was improper, as there had been no hearing on the amount due in accordance with Rule 55(b)(2).  Since the claim in plaintiff's complaint is of a nature that damages cannot be determined without such a hearing, the default judgment cannot be final, which leaves the court with the entry of default.  *See generally*, *Di Mucci*, 879 F.2d at 1493 n.9.  Therefore, the court must proceed in deciding this matter under the relaxed standard for setting aside a default under Rule 55(c), as opposed to the more stringent standard for setting aside a default judgment under Rule 60(b).

The court concludes that defendants have met the requirements of Rule 55(c) to set aside the default.  As to the showing of good cause, defendants allege that a previously reliable employee, Daniel Garrett, had failed to act on the complaint because he was suffering from depression. This allegation is supported by the affidavits of Mr. Garrett; his doctor, Dr. Randall Stoltz; and the company's Secretary and registered agent, Mark Raben.  Considering Mr. Garrett's statement of his illness, Dr. Stoltz's corroboration of same, and Mr. Raben's statement concerning Mr. Garrett's previous reliability on such matters, the defendant has met the standard of good cause under Rule 55(c).

As to the second element of the test, the delay of defendant's appearance, while not of a particularly short duration, is not extensive. Plaintiff has not challenged the delay as prejudicial. As to the final element of the test, the defendant argues that plaintiff has not met the prima facie case requirements for discrimination based on race and/or sex, specifically arguing that she was not meeting defendant's expectations, that defendant took no adverse employment action against her, nor that she was treated less favorably than similarly situated individuals outside of the protected class. As there does seem to be some dispute as to the condition of the plaintiff's environment prior to the end of her employment and the reason for her termination, the defendant has raised a meritorious defense in accordance with the Rule 55(c) standard, and should be allowed its day in court. The 7th Circuit has a history of a strong preference for a case to be decided on the merits, and since the standards for setting aside a default have been met, the court will grant defendant's motion.

**IV.    Conclusion**

For the reasons outlined above, defendant's Motion to Vacate and Set Aside Default Judgment is **GRANTED.** The Settlement Conference before United States

Magistrate Judge William Hussmann is **CONFIRMED.**

**IT IS SO ORDERED** this 28th day of June 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jacob R. Fulcher
KAHN, DEES, DONOVAN & KAHN
jakef@k2d2.com

Jon D. Goldman
KAHN DEES DONOVAN & KAHN LLP
jongoldman@k2d2.com

John H. Haskin
HASKIN LAUTER LARUE & GIBBONS
jhaskin@hlllaw.com

Andrew G. Jones
HASKIN LAUTER LARUE & GIBBONS
ajones@hlllaw.com